THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN OFFICIAL OPINION ASKING, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. DOES THE OKLAHOMA DEPARTMENT OF COMMERCE HAVE THE STATUTORY AUTHORITY TO EXPEND ANY FUNDS, WHETHER PUBLIC OR PRIVATE, IN ORDER TO ADVERTISE, PROMOTE OR DISSEMINATE INFORMATION ABOUT THE OKLAHOMA QUALITY JOBS PROGRAM ACT, 68 O.S. 3601 (1993), ET SEQ.?
 2. DOES THE OKLAHOMA DEPARTMENT OF COMMERCE HAVE THE STATUTORY AUTHORITY TO SOLICIT CONTRIBUTIONS OF PRIVATE MONEY IN ORDER TO PAY FOR THE EXPENSE OF ADVERTISING OR DISSEMINATING INFORMATION ABOUT THE OKLAHOMA QUALITY JOBS PROGRAM ACT?
 3. MAY THE OKLAHOMA DEPARTMENT OF COMMERCE LIMIT ACCESS TO ITS RECORDS BASED UPON THE AMOUNT A REQUESTOR MAY HAVE CONTRIBUTED?
 4. IF THE OKLAHOMA DEPARTMENT OF COMMERCE MAY LAWFULLY SOLICIT AND RECEIVE PRIVATE CONTRIBUTIONS OF. FUNDS IN ORDER TO ADVERTISE AND DISSEMINATE INFORMATION ABOUT THE OKLAHOMA QUALITY JOBS PROGRAM ACT, MUST THE FUNDS SO RECEIVED BE DEPOSITED IN AN AGENCY ACCOUNT AS PROVIDED BY 62 O.S. 7.1 (1991)?
 5. IF THE DEPARTMENT FAILS TO DEPOSIT CONTRIBUTIONS OF PRIVATE FUNDS IT HAS SOLICITED IN AN AGENCY ACCOUNT AS PROVIDED BY 62 O.S. 1991, 7.1, WHAT ARE THE PENALTIES FOR EXPENDING THE MONEY SO RECEIVED WITHOUT HAVING FIRST DEPOSITED SUCH FUNDS AS REQUIRED BY LAW?
 6. WHETHER THE DEPARTMENT HAS SPECIFIC AUTHORITY TO ACTIVELY SOLICIT PRIVATE CONTRIBUTIONS OF MONEY TO PAY FOR EXPENSES OF ADVERTISING THE OKLAHOMA QUALITY JOBS PROGRAM ACT, MAY THE AGENCY LEGALLY ACCEPT UNSOLICITED CONTRIBUTIONS OF SUCH PRIVATE MONEY?
 7. IF THE ANSWER TO QUESTION NO. 6 IS AFFIRMATIVE, MUST THE DEPARTMENT DEPOSIT SUCH CONTRIBUTIONS IN A SPECIAL AGENCY ACCOUNT OR MAY THE DEPARTMENT EXPEND SUCH FUNDS WITHOUT ACCOUNTING FOR THEM AS WOULD OTHERWISE BE REQUIRED IF THE DEPARTMENT WERE EXPENDING PUBLIC FUNDS?
 8. MAY THE DEPARTMENT LEGALLY EXPEND ANY FUNDS WHICH ARE AVAILABLE TO IT FOR EXPENDITURE WITHOUT AN AUTHORIZATION FOR SUCH EXPENDITURE PURSUANT TO AN APPROPRIATION OR SIMILAR MECHANISM AS PROVIDED BY OKLAHOMA CONSTITUTION, ARTICLE V, SECTION 55 ?
YOUR QUESTIONS MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES, CASE LAW, AND PRIOR ATTORNEY GENERAL OPINIONS. THEREFORE, ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
THE OKLAHOMA DEPARTMENT OF COMMERCE IS THE PRIMARY ECONOMIC DEVELOPMENT AGENCY FOR THE STATE. THE STATUTORY PURPOSE OF THE DEPARTMENT OF COMMERCE IS FOUND AT 74 O.S. 5003.3 (1991), WHICH PROVIDES:
 "THE MISSION OF THE OKLAHOMA DEPARTMENT OF COMMERCE SHALL BE TO SUPPORT FIRMS', FARMS', AND LOCAL COMMUNITIES' GROWTH, DIVERSIFICATION, EXPANSION AND ABILITY TO COMPETE IN EXPORT MARKETS IN ORDER TO CREATE NEW AND BETTER JOBS FOR OKLAHOMANS THROUGHOUT THE STATE.
TO ACCOMPLISH THIS MISSION, THE DEPARTMENT HAS BEEN GRANTED THOSE POWERS AND DUTIES NECESSARY TO IMPLEMENT AND ACCOMPLISH THE STATUTORY MISSION. 74 O.S. 5003.6 (1991).
AN AGENCY CREATED BY STATUTE MAY ONLY EXERCISE THE POWERS GRANTED BY STATUTE AND CANNOT EXPAND THOSE POWERS BY ITS OWN AUTHORITY. BOYDSTON V. STATE, 277 P.2D 138 (OKLA.1954). IN ADDITION, AN AGENCY HAS, BY IMPLICATION, SUCH POWERS AS ARE NECESSARY FOR THE DUE AND EFFICIENT EXERCISE OF THE POWERS EXPRESSLY GRANTED AND THE POWERS THAT MAY BE FAIRLY IMPLIED FROM THE STATUTE GRANTING THE EXPRESS POWERS. OKLAHOMA TAX COM'N. V. FORTINBERRV CO., 207 P.2D 301 (OKLA.1949). IN ANSWER TO YOUR FIRST QUESTION, THERE IS NO EXPRESS STATUTORY AUTHORITY TO EXPEND FUNDS TO ADVERTISE THE OKLAHOMA QUALITY JOBS PROGRAM ACT. HOWEVER, COMMERCE IS THE PRIMARY ECONOMIC DEVELOPMENT AGENCY FOR THE STATE AND PURSUANT TO 68 O.S. 3602(3) (1993) IS REQUIRED TO IMPLEMENT THE PROVISIONS OF THE QUALITY JOBS PROGRAM ACT. IT IS MY OPINION THAT THE AUTHORITY CONTAINED IN 74 O.S. 5003.3 (1991), 74 O.S. 5003.6 AND IN THE ACT IS SUFFICIENTLY BROAD TO ALLOW COMMERCE TO ADVERTISE INFORMATION REGARDING THE ACT.
I CAN FIND NO STATUTORY AUTHORITY FOR COMMERCE TO SOLICIT CONTRIBUTIONS OF PRIVATE MONEY TO UNDERWRITE THE EXPENSES OF ADVERTISING THE QUALITY JOBS PROGRAM ACT. UNLESS A STATE AGENCY IS STATUTORILY AUTHORIZED TO ACCEPT GIFTS, SUCH GIFTS MUST BE ACCEPTED BY THE GOVERNOR, UNDER THE PROVISIONS OF 60 O.S. 381 (1991), ET SEQ. TITLE 60 O.S. 384 (1991) PROVIDES:
 "ANY PROPERTY INVOLVED IN A GIFT, TESTAMENTARY OR OTHERWISE, GIVEN TO THE STATE OF OKLAHOMA OR SOME STATE OFFICER, BOARD, COMMISSION, OR AGENCY FOR THE USE OR BENEFIT OF A SPECIFIED STATE INSTITUTION, DEPARTMENT, OR AGENCY, WHETHER ONE OR MORE, WHEN ACCEPTED BY THE GOVERNOR AND DELIVERED TO THE OFFICE OF PUBLIC AFFAIRS OR THE OFFICE OF STATE FINANCE AS PROVIDED FOR IN 383 OF THIS TITLE, SHALL BE ALLOTTED BY SAID OFFICE OF PUBLIC AFFAIRS OR OFFICE OF STATE FINANCE TO SUCH STATE INSTITUTION, DEPARTMENT, OR AGENCY, IN ACCORDANCE, AS NEARLY AS POSSIBLE, WITH THE TERMS OF THE GIFT."
ALTHOUGH THE DEPARTMENT OF COMMERCE HAS BROAD POWERS AS THE ECONOMIC DEVELOPMENT AGENCY FOR THE STATE, IT IS MY OPINION THAT THE POWER TO SOLICIT OR RECEIVE CONTRIBUTIONS CANNOT BE FAIRLY IMPLIED FROM THE STATUTE GRANTING COMMERCE ITS POWER. THEREFORE, IN ANSWER TO QUESTION NUMBERS 2 AND 6, IT IS MY OPINION THAT THE OKLAHOMA DEPARTMENT OF COMMERCE DOES NOT HAVE THE STATUTORY AUTHORITY TO SOLICIT OR ACCEPT ANY CONTRIBUTIONS OF PRIVATE MONEY. ANY DONATIONS OF MONEY TO COMMERCE MUST BE MADE PURSUANT TO THE STATUTORY STRUCTURE CONTAINED IN 60 O.S. 381 (1991), ET SEQ.
QUESTION NUMBER 3 ESSENTIALLY ASKS WHETHER THE DEPARTMENT OF COMMERCE MAY LIMIT ACCESS TO INFORMATION BASED UPON THE AMOUNT OF MONEY CONTRIBUTED BY THE REQUESTOR. THERE IS NOTHING IN THE OPEN RECORDS ACT, 51 O.S. 24A.1 (1991), ET SEQ., WHICH GRANTS AN AGENCY, INCLUDING THE DEPARTMENT OF COMMERCE, THE AUTHORITY TO LIMIT DISCLOSURE OF INFORMATION BASED UPON THE AMOUNT OF MONEY CONTRIBUTED. UNDER THE OPEN RECORDS ACT, A RECORD IS PRESUMED OPEN UNLESS THE RECORD MUST BE KEPT CONFIDENTIAL OR MAY BE KEPT CONFIDENTIAL. THIS IS TRUE REGARDLESS OF WHETHER A REQUESTOR HAS MADE A CONTRIBUTION TO THE AGENCY FROM WHICH HE IS REQUESTING INFORMATION.
YOUR QUESTION RAISES THE POSSIBILITY THAT THE CONFIDENTIALITY PROVISIONS OF 51 O.S. 24A.10 (1991) MAY APPLY. THIS PROVISION ALLOWS PUBLIC BODIES TO KEEP CONFIDENTIAL RECORDS RELATING TO:
 "B.5. THE PROSPECTIVE LOCATION OF A PRIVATE BUSINESS OR INDUSTRY PRIOR TO PUBLIC DISCLOSURE OF SUCH PROSPECT EXCEPT FOR RECORDS OTHERWISE OPEN TO INSPECTION SUCH AS APPLICATIONS FOR PERMITS OR LICENSES.
SUBSECTION C OF THE ABOVE REFERENCED 24A.10 SPECIFICALLY GRANTS THE DEPARTMENT OF COMMERCE THE ABILITY TO KEEP CONFIDENTIAL:
 "1. BUSINESS PLANS, FEASIBILITY STUDIES, FINANCING PROPOSALS, MARKETING PLANS, FINANCIAL STATEMENTS OR TRADE SECRETS SUBMITTED BY A PERSON OR ENTITY SEEKING ECONOMIC ADVICE FROM THE OKLAHOMA DEPARTMENT OF COMMERCE; AND
 2. INFORMATION COMPILED BY THE OKLAHOMA DEPARTMENT OF COMMERCE IN RESPONSE TO THOSE SUBMISSIONS."
THE OKLAHOMA DEPARTMENT OF COMMERCE MAY NOT KEEP CONFIDENTIAL THAT SUBMITTED INFORMATION WHEN AND TO THE EXTENT THE PERSON OR ENTITY SUBMITTING THE INFORMATION CONSENTS TO DISCLOSURE.
QUESTION 3 ASSUMES THAT THE INFORMATION MAY BE DISSEMINATED TO THE PUBLIC. THIS BEING THE CASE, THERE IS NO STATUTORY AUTHORITY WHICH WOULD ALLOW COMMERCE TO MAKE NON-CONFIDENTIAL INFORMATION AVAILABLE BASED UPON LEVELS OF CONTRIBUTION. A PUBLIC BODY MAY ONLY CHARGE A REASONABLE FEE FOR THE DIRECT COST OF DOCUMENT SEARCH. 51 O.S. 24A.5(3) (1991).
QUESTIONS 4 — 7 RELATE TO THE PROPER ACCOUNTING FOR MONEY RECEIVED BY AN AGENCY. I REITERATE THAT THERE IS NO AUTHORITY FOR COMMERCE TO ACCEPT SOLICITED OR UNSOLICITED CONTRIBUTIONS TO UNDERWRITE THE COST OF ADVERTISING THE OKLAHOMA QUALITY JOBS PROGRAM ACT. AS A GENERAL RULE, AN AGENCY MUST MAKE A DAILY DEPOSIT INTO ITS AGENCY CLEARING ACCOUNT OF "ALL MONIES OF EVERY KIND." 62 O.S. 7.1 (1991). HOWEVER, ATTORNEY GENERAL OPINION NO. 84-034 CLEARLY STANDS FOR THE PROPOSITION THAT GIFTS MUST BE ACCEPTED BY THE GOVERNOR UNDER THE PROVISIONS OF 60 O.S. 381, ET SEQ. THEREFORE, ANY DISCUSSION OF THE PROVISIONS OF 62 O.S. 7.1 IS IRRELEVANT AS COMMERCE LACKS THE AUTHORITY TO ACCEPT SUCH A CONTRIBUTION.
FINALLY, QUESTION NUMBER 8 INQUIRES AS TO THE PROPRIETY OF EXPENDITURES WITHOUT AN APPROPRIATION. THE OKLAHOMA CONSTITUTION AT ARTICLE V, SECTION 55 PROVIDES:
 "NO MONEY SHALL EVER BE PAID OUT OF THE TREASURY OF THIS STATE, NOR ANY OF ITS FUNDS, NOR ANY OF THE FUNDS UNDER ITS MANAGEMENT, EXCEPT IN PURSUANCE OF AN APPROPRIATION BY LAW, NOR UNLESS SUCH PAYMENTS BE MADE WITHIN TWO AND ONE-HALF YEARS AFTER THE PASSAGE OF SUCH APPROPRIATION ACT, AND EVERY SUCH LAW MAKING A NEW APPROPRIATION, OR CONTINUING OR REVIVING AN APPROPRIATION, SHALL DISTINCTLY SPECIFY THE SUM APPROPRIATED AND THE OBJECT TO WHICH IT IS TO BE APPLIED, AND IT SHALL NOT BE SUFFICIENT FOR SUCH LAW TO REFER TO ANY OTHER LAW TO FIX SUCH SUM."
AN APPROPRIATION IS LEGISLATIVE AUTHORITY GIVEN AT THE PROPER TIME AND IN A LEGAL FORM TO THE PROPER OFFICERS, TO APPLY A DISTINCTLY SPECIFIED SUM, FROM A DESIGNATED FUND OUT OF THE TREASURY IN A GIVEN YEAR FOR A SPECIFIED OBJECT OR DEMAND AGAINST THE STATE. MENEFEE V. ASKEW, 107 P. 159
(OKLA.1910). IT IS CLEAR THAT AN AGENCY OF THE STATE MAY NOT SPEND PUBLIC MONEY WITHOUT PROPER AUTHORIZATION. THE DETERMINATION AS TO WHETHER PUBLIC FUNDS HAVE BEEN EXPENDED REQUIRES AN ANALYSIS OF SPECIFIC FACTS. SUCH A FACTUAL DETERMINATION IS BEYOND THE SCOPE OF AN ATTORNEY GENERAL OPINION.
IN CONCLUSION, IT IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT THE OKLAHOMA DEPARTMENT OF COMMERCE DOES HAVE THE AUTHORITY TO SPEND PUBLIC FUNDS IN ORDER TO ADVERTISE, PROMOTE AND DISSEMINATE INFORMATION ABOUT THE OKLAHOMA QUALITY JOBS PROGRAM ACT. THE DEPARTMENT LACKS THE AUTHORITY TO SOLICIT OR ACCEPT PRIVATE MONEY TO DISSEMINATE SUCH INFORMATION. THERE IS NO STATUTORY AUTHORITY WHICH ALLOWS THE DEPARTMENT TO MAKE NONCONFIDENTIAL INFORMATION AVAILABLE BASED UPON THE REQUESTOR'S LEVEL OF CONTRIBUTION. AS AN AGENCY OF THE STATE OF OKLAHOMA ANY EXPENDITURE OF PUBLIC FUNDS BY THE DEPARTMENT MAY ONLY BE MADE PURSUANT TO PROPER APPROPRIATION AS REQUIRED BY OKLAHOMA CONSTITUTION, ARTICLE V, SECTION 55.
THE ABOVE REPRESENTS THE OPINIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND DOES NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL'S OFFICE. SHOULD YOU NEED ANYTHING FURTHER REGARDING THIS MATTER, PLEASE FEEL FREE TO CONTACT THE UNDERSIGNED.
(DOUGLAS F. PRICE)